The next case today is Francisco Perez-Abreu v. Metropol Hato Rey LLC et al. Appeal number 19-1679. Attorney Rivera, please reintroduce yourself on the record and proceed with your argument. Yes, good afternoon. Again, for the record, Attorney Javier Rivera for Plaintiff's Appellants. Yes, Your Honors, this is a simple case where my client is an employee of Metropol Hato Rey LLC. It operates a restaurant in San Juan and he's been working for that company over 30 years. And in the year 2010, he had a reduction in hours and he also had an assigned seating. He was taking away those assigned seatings. So he decided to file a lawsuit in 2018 alleging he was discriminated upon his age and that more time was provided for younger employees. After filing the complaint, the district court proceeded to dismiss the claim because he had not exhausted the administrative remedies, and especially he did not file a charge with the EEOC. Plaintiff's argument for why the court should proceed with the case is that he is requesting that under the single filing rule, he should be able to file his case. And on that particular, another employee from Metropol had filed a charge. It was Mr. Juan Santiago, and he is basing his position that since another employee had filed a charge, he should be allowed to file a complaint. Now this court had the opportunity to review the applicability of the single filing rule in the case of Bash v. Brown Brown. But since the case was dismissed on other grounds to the statute of limitations, the court decided not to rule upon it. And as a rule, the single filing rule, it claims that when two plaintiffs allege that they were similarly situated and received the same discriminatory treatment, the purpose of the exhaustion requirement are adequately served if one plaintiff has filed an EEOC complaint. Now this rule has three types of tests. One is called the fraud test, which is as long as one employee has filed an EEOC charge, anybody else can hop on that charge and file a complaint. Then another narrow would be that the claimant in the EEOC charge must claim that there is a class-wide discrimination on the employer. And then an even narrow test would be that not only they must allege class-wide discrimination, but the claimant must also purport to be a representative of that class. We argue that this court should adopt the broadest sense because as legal precedent has tested, it's the rule as to which test to apply should be made of size of the employer. Where it has been determined that the medium-sized companies or small-sized companies should adopt the broadest sense of the rule. In this case, defendant is a 21 waiters employer. We believe that it should apply the broadest sense. In that case, a court in the Snell versus Suffolk County case, it was 16 employees that worked for the probation's office and the court decided that it should be applied the broadest sense of the rule. A police claim that this case should not be considered at this time because they don't believe it's proper. We argue the contrary that this is the only issue presented before the court. It should the circuit court adopt the single filing rule. This is the only issue before the court. It has been interpreted when the Congress amended Article 7D, which is the exhaustion remedy, that they realized that most of the cases were being dismissed on technicalities and it was their intent that cases should be tried on the merits. That is what we are seeking, that the case be tried on the merits. Can I just understand two things? One is, you never amended the complaint itself. Is that right? Yes, that's correct. Could you just explain to me why that's not a problem for you? Well, this complaint is very similar to the other case that we are seeking the piggybacking and that's pretty much the same complaint. But I'm just saying, your complaint doesn't speak to exhaustion. So just if I look at the case of the complaint, since it was never amended, it's never going to address exhaustion no matter what because it was never amended. So is the outcome that you would want here is that we would then just vacate and remand and that way you'd have an opportunity to amend, assuming that the district court would give you leave to amend? I don't really understand what posture we're in. Nothing in the complaint as it stands refers to even this other complaint. It just doesn't address exhaustion. Well, we addressed that issue at our motion to show cost and then we didn't believe it was needed to amend on that particular aspect. Did the district court tell you one way or the other whether you had to amend the complaint? Because the rule would suggest you'd have to amend the complaint, right? Well, my position is it's affirmative defense. It wasn't necessary to state in the complaint that I did not exhaust the administrative remedies because if defendant did not raise that issue, that would have been an issue before the court. So it's my position that it wasn't necessary in the complaint to state those facts. And then the second question that I had is you said, if I heard you right, that you were asking for the broadest view. In other words, the fact that any other employee of the restaurant filed a complaint with the EEOC, regardless of what we know about whether that complaint to the EEOC made any reference to class-wide discrimination, you can piggyback on that claim. Is that what you're asking us to adopt? Yes, that's correct. Based on the specific instances of this case, it was a small company. You're not making any argument here that you could fit within the second of the three variants that you identified. I'm not making any arguments, and we would concede that it would not apply, yes. Okay. Because they did not make any class-wide allegations of discrimination, and then Juan Santiago did not also claim to be a representative of the class-wide discrimination. So, in that regards, even if the court decides that a class-wide EEOC charge was required, we would take the court to the Holiday versus Holiday Inn case, where the court decided that since only one person would be able to file the lawsuit, on that particular instance, they would consider it as a small unit, so that then they applied the broad test of the case. So we would move the court that either way, it doesn't matter what test they would apply, the result would be the same, since we're talking about only one plaintiff, the court should adopt the broadest rule. I don't know if the court has any other questions for me on that issue. I think not. You have another minute or so if you want to take it, but that's fine. No, let me see. I believe that's fine. That's pretty much it. It's only one error, and it's requesting the court adopt this mail case standard. Well, congratulations, Mr. Rivera. I like it when people are succinct. Thank you, Your Honor. Thank you. If you would mute your audio and video, we will now hear from Mr. Pavon. Good afternoon. May it please the court, my name is Luis Pavon Roca, and I represent Metropol. We're going to ask you to affirm the district court determination.  I fundamentally agree with the broader counsel that we're dealing with one issue, which is the piggyback rule, the single-filing rule. Is the First Circuit going to adopt a rule which clearly goes against the text of the law, of what Congress intended, which was that people would go to the EEOC, originally it wasn't the EEOC, but today it is the EEOC, and file a charge. This would allow two things to happen. One, the agency to do its work, which is to combat discrimination, address the issue, correct it, et cetera, et cetera, and to give notice to the employer that there's a problem with that employee requesting or alleging that there's a discrimination. So that is the rule. The piggybacking is an exception. So that, for me, the first question that needs to be addressed is, are we going to have in the First Circuit this ruling? A corollary of that argument is, if we are going to allow that, which I don't think we should, I think that the employer should be notified, I think that the agency should be allowed to perform their job, and that's why they're there. But if we were going to allow it, then in what modality? And broader counsel described the three. I'm not going to go into it. It's under briefs, but basically there's three, and the broadest one is basically open field. Anyone can file anything, and I'll go in and join. It's tough to realize the system. The system should give us certainty as to what happened. The second issue that I think is here, and I think it was already addressed, is a welfare complaint. With this fact of this specific case, can we understand that piggybacking is allowed? We need to look at Santiago. Again, in the sense that he concedes, there's no class argument. If you look at Santiago, and it's on our scene, you look at Santiago, he goes and complains. He doesn't complain to be part of a class. He doesn't refer to anyone else. He says, I feel discriminated because this happened to me, and younger people are really different. Is the EOC charge itself in the record? Yes, it's an appendix on our brief. It's one of the documents included. It's addendum. Did the district court have it in front of it? Yeah. Maybe I'm misunderstanding the record, but I thought the district court referred to the complaint, the court complaint that the other plaintiff filed, rather than to the charge that was brought to the EOC. Both things. There's an opinion and order on the Santiago case, which dismissed... Santiago had three EOC complaints. The first two were dismissed by the opinion and order of Judge Jalpi, and only one remains, which is the third complaint filed on May... Give me a minute. May 17th, and that... So, the Santiago... What remains of Santiago case is the May 17th filing, and anything that happened 300 days before the May 17th filing. But in this case, in the district... I know, I know. In this case, in the district court ruling on the piggyback issue, did the district court here make reference to Santiago's EOC charge? The opinion and rule... I thought the district court only was making reference to the complaint that Santiago filed in court, not to the charge itself. I can't... I don't have the record that clear with me. I know that it made reference to the opinion and order, but I'm not 100% sure. I believe so, because it talks about not including any language. I believe that... I think that broader counsel should have amended the complaint, basically to cure that, to include the reference to Santiago and to argue that that's where he's piggybacking to. But I can't attest right now that the EOC document itself... I know it's in the brief, so that's why I'm assuming that it's also on the record. Have I answered your question? Yeah. Okay. So, actually, it brings me to the next question. I said the second question would be with these papers, with the Santiago reality, and with the complaint filed by Plaintiff Perez, which, by the way, we're talking about alleged discrimination in 2010 and 2013 based... And we're in 2021. I mean, this is the piggybacking that they want to do. As I say, the only thing... You can only piggyback on a valid EOC claim that someone filed. I mean, you couldn't piggyback on something that doesn't exist. So, right now, the only thing alive is a complaint of 2017. So, if you were to agree with Plaintiff, you would be giving life to a claim based on 2010 using a 2017 EOC claim that only allows Santiago, in his case, to go back 300 days. So, that's roughly May of 2016. So, I believe that things that are discussed in the case law, you know, Metropole actively participated in the Santiago filings, all three of them. I was attorney of record for some of them. So, this is not Montgomery where the claim is, well, they're not going to pay attention to that anyway. So, you know, why should they get to go to the administrative hearing? They're not willing to settle. They're not paying attention to these things. That's not the case in this case. The facts in this case really are not the best cases. They're not the best facts to even consider the piggybacking, which is pretty much what happened in Greene, the basher to Brownhound, and the logic in Greene versus City of Boston, which is a district court case that makes reference into Dash. And the court says, well, you know, and important, unlike what a plaintiff is requesting, in those two cases, which is the only precedent that I was able to find direct appointment of the first circuit or within the first circuit, the court said, if we were going to allow this, not to convince, but if we were going to allow this, I think we should move into the class, the middle, the intermediate test. The person has to allege that he belongs to some sort of class. And in those cases, the court said, but these facts do not allow us to do that. In this case, if we were going to move, it would be, you know, in this direction, which is class representation. But these facts, you know, cannot allow us to do that. I very respectfully submit that Greene versus City of Boston and Perez versus Metropole are very similar in terms of these specific facts as to, you know, it's not there. So we very respectfully ask you to affirm this court determination. Questions from the court? If not, thank you very much, Mr. Pabon. Thank you. We'd like to extend our appreciation to all counsel for their arguments this morning. Thank you. That concludes arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the meeting.